United States Court of Appeals
For the First Circuit
_____

No. 25-1638

ÍNARU NADIA DE LA FUENTE DÍAZ; MARU ROSA HERNÁNDEZ; ANDRÉ RODIL; YEIVY VÉLEZ BARTOLOMEI; GÉ CASTRO CRUZ; DENI JUSTE,
Plaintiffs – Appellees,
v.
JENNIFFER A. GONZÁLEZ COLÓN, in her official capacity as Governor of the Commonwealth of Puerto Rico; Dr. VÍCTOR RAMOS OTERO, in his official capacity as Secretary of the Department of Health of the Commonwealth; WANDA LLOVET DÍAZ, in her official capacity as the Director of the Division of Demographic Registry and Vital Statistics of the Commonwealth,
Defendants – Appellants,
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. María Antongiorgi-Jordán, U.S. District Judge]
_____

**Response to Emergency Petition for a Stay**

To the Honorable Court:

  Come now, Appellees, through the undersigned attorney, to present this opposition to the request to stay Judgment.

  Due to the time constraint, Appellees will not undergo extensive legal argumentation in this response and will only address the arguments presented in the request. It is well established that, to obtain the relief of staying a judgment, petitioners must show: 1) a strong likelihood of success on the merits; 2) that they will be irreparably injured if the stay were not granted; 3) that the other party will not be

1

substantially harmed; and 4) that the public interest weighs in favor of granting the stay. Nken v Holder, 556 U.S. 418, 434. Although petitioners now argue that this request is an "emergency" due to the close proximity of the Court's deadline to comply with its Judgment, they omit that the Judgment ordering them to promptly act according to the decision was issued on June 2nd. It was not until July 18th, and only after Plaintiffs had filed a *Motion to Enforce Judgment* on July 1st —granted on July 8th— that Appellants requested a stay to the District Court, over one month after Judgment. As stated by the District Court's order, they failed in their argumentation of the two first prongs and didn't even argue the other two prongs, as they now attempt. When considering a request for stay, a Court of Appeals will also undoubtedly consider the interests of judicial economy.

As gathered from their *Emergency Motion to Stay*, Defendants rest their likelihood of success in Fowler v State, 104 F.4th 770 (10th Cir. 2024), inapposite to the merits of this case, and what they call the "winds of change in the judicial realm" [At 37]. They also confusedly argue that the District Court's use of the "rational basis review" in itself shows that they did not violate any constitutional right. Appellees confess their failure to understand this argument, but wish to point out that the District Court found a violation of the Equal Protection Clause after evaluating that Puerto Rico's government had allowed a change of gender after Arroyo González vc Rosselló, 305 F. Supp. 3d 327 (D.P.R. 2018), as recognized by the Legislature through the amendments to the Registry's enacting law, contained in the Civil Code of 2020. As per the Registry's instructions, after 2018 citizens can change their gender in their birth certificate by presenting a U.S.

2

passport, a valid ID from another jurisdiction or by presenting a medical certificate containing their gender. That is certainly government speech to its citizens. When attempting to comply with this instruction, Appellees were denied the change, even though neither the enacting law nor the Registry forms indicate that the only change available was just within the binary realm. Appellees constitutional right to be recognized as any other trans binary citizen has been denied for years, and that right is a substantial right that the courts must protect from governmental policies that violate it based on the "will of the majority". As Chief Justice John Marshall wrote in <u>Marbury v. Madison</u>, 5 US (1 Cranch) 137 (1803): "The powers of the Legislature are defined and limited; and that those limits may not be mistaken, or forgotten, the Constitution is written."

The Government tries to convince this Court that not granting a stay will cause it irreparable harm because:

1) it would require the Government to modify forms, procedures, and record-keeping protocols.

2) the administrative and logistical processes involving [sic] in redesigning Puerto Rico's birth certificate format would be difficult, if not impossible, to unwind.

3) appellants would suffer grave injury against the Government's sovereign authority to implement the policies that have been entrusted to its officials by the voters that elected them to power.

The first argument —the only one presented to the District Court— was already discarded as false. All forms, procedures and record-keeping protocols are already in place since 2018. This case would not require any additional change in this aspect. Regarding the second argument, appellants' request lacks any information of the

burdensome "administrative and logistical processes" that would be required to "redesign" the birth certificate format and why it could not be undone. Therefore, they do not give this Court the necessary information as to the validity of this allegation. Nonetheless and as the Court can probably surmise, in the 21st century the Puerto Rico Registry is digitalized, that is, all information is kept in a computer. The program not only stores the information, but also organizes it so that it can appear in the printed form. In this case, the **ONLY** change that would result from this case is that under the category SEX in the printed form —that presently displays underneath an M [*macho* or male] or an H [*hembra* or female]— the issued certificate would display an X. As easily as the X will be added to the computer program, just as easily it can be "unwound". No imaginable injury will result from this change, much less an irreparable one.

      The third argument is really the gist of Appellants request: they resent that the court has recognized that Appellants have a constitutional right that they themselves do not want to recognize. They resent the intrusion of the Court in what they believe is their exclusive realm: to decide who has rights and which rights can be recognized in Puerto Rico. But, as longstanding judicial precedent has eloquently sustained, it is the courts that decide constitutional controversies and it is the courts that have been granted the authority to state what the Constitution says.

      The fourth prong — whether the public interest weighs in favor of granting a stay —  has not been argued either. Public interest is not synonymous with government interest. "Public interest is a *moral* concept that exists prior to and independently of both aggregation and democratic decision-making procedures." Eric Boot, "The Public

Interest: Clarifying a Legal Concept", 14 May 2024 https://doi.org/10.1111/raju.12401, retrieved through https://onlinelibrary.wiley.com/doi/full/10.1111/raju.12401 on July 29, 2025. Public interest focuses on the collective, on what is beneficial to society and its members. As the District Court stated in her decision, non binary people have existed and have been part of societies. They have been included in the definition of *gender* in medical journals. Denying them a place in society and a recognition of their self runs counter to the public interest. Appellees deserve to be recognized as part of society. Any decision by the government to continue to deny them a place in society is one of the greatest injuries that continues to harm our societies. Tellingly, adding insult to injury, Appellants do not even mention the third showing their request requires them to make: the substantial injury a stay of the District Court's judgment would cause to Appellees.

      The government will not prevail in this appeal and prolonging the denial of a much awaited recognition is a substantial and insurmountable injury. On the other hand, what injury would the government really endure? None. For the foregoing reasons, Appellants' request for an Emergency Motion to Stay the Judgment pending their appeal pursuant to Fed. R. App. P. 8(a)(2) must be denied.

      Submitted this 30th of July, 2025.

      I HEREBY CERTIFY that on this same date I have electronically filed the foregoing which will send notification of such filing to all attorneys on record.

*S/Johanna Emmanuelli-Huertas*<br>
**JOHANNA EMMANUELLI-HUERTAS**<br>
U.S.1st C. Number 39079<br>
e-mail: jmeh@mac.com